IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

SAMUEL E. FIELDS                     §

VS.                                  §     CIVIL ACTION NO. 1:03cv560

JEFFERSON COUNTY DOWNTOWN JAIL  §

<u>MEMORANDUM OPINION</u>

Plaintiff Samuel E. Fields, an inmate incarcerated within the
Bureau of Prisons, proceeding *pro se*, brings this civil rights
action pursuant to 42 U.S.C. § 1983 against the Jefferson County
Downtown Jail, Corrections Services Corporation, Warden Siebert,
Chief Carpenter, Ms. Montgomery, Deputy Landry and certain other
individuals.  Plaintiff complains of incidents which occurred at
the Jefferson County Jail, where he was formerly incarcerated.

<u>Factual Allegations</u>

Plaintiff alleges that on August 29, 2001, defendant Landry
was escorting plaintiff and an inmate named Charles Dearing to the
jail's medical department when plaintiff fell in a puddle of rain
water flowing into the hallway leading to the medical department.
Plaintiff states that as a result of the fall, he injured his right
shoulder, right hip and head.

Plaintiff states that when he reached the medical department
he was given ibuprofen and "Elivil" for the pain.  He states he
continued to complain of pain when the medication wore off.  He
further states that after he made numerous complaints, an x-ray was
taken of his shoulder.  He states the x-ray revealed no permanent
injury and that he was placed in a wheelchair and given pain

medication.  He states that after he was transferrred to the Federal Medical Center in Springfield, Missouri, a Magnetic Resonance Imaging ("MRI") test revealed serious damage to his right rotator cuff.  Surgery was performed with good results on September 30, 2002.  Plaintiff asserts an MRI test should have been performed while he was still at the jail.

### Standard of Review

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915A(b) if:  (1) it is frivolous, malicious or fails to state a claim upon which relief may be granted or (2) it seeks monetary relief from a defendant who is immune from such relief.

The Supreme Court has considered when a complaint is frivolous.  In *Neitzke v. Williams,* 490 U.S. 319, 325 (1989), the Court held "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact."  The Court went on to say that a claim is legally frivolous under Section 1915 when it is based on "an indisputably meritless legal theory." *Id.* at 327.

A complaint may be dismissed for failure to state a claim if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41 (1957); *House the Homeless, Inc. v. Widnall*, 94 F.3d 176 (5th Cir. 1996).  In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations must be taken as true and construed favorably to the plaintiff.  *Fernandez-Montez v. Allied*

2

*Pilots Association*, 987 F.2d 278 (5th Cir. 1993).   However, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.  *Id*.  While well-pleaded allegations must be accepted by the court as true, conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent a claim from being dismissed.  *Id*.

<u>Analysis</u>

*Elements of a Cause of Action under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 creates a cause of action against any person who, under color of law, causes another to be deprived of a federally protected constitutional right.  Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state...subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities se-cured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress....

Section 1983 was promulgated to prevent "... [a government official's] [m]isuse of power, possessed by virtue of state law and made possible only because the [official] is clothed with the authority of state law." *Johnston v. Lucas*, 786 F.2d 1254, 1257 (5th Cir. 1986); *Whitley v. Albers*, 475 U.S. 312 (1986) (Eighth Amendment); *Davidson v. Cannon*, 474 U.S. 344 (1986) (Fourteenth Amendment); *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983, however, does not grant a cause of action for every action taken by a state official. *Whitley*, 106 S.Ct. at 1084.

Only two allegations are required in order to state a cause of action under 42 U.S.C. § 1983.  "First, the Plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635 (1980); *Manax v. Mcnamara*, 842 F.2d 808 (5th Cir. 1988).

*Cruel and Unusual Punishment*

"The Constitution does not mandate comfortable prisons ... but neither does it permit inhuman ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (internal quotations omitted).  A prison official violates an inmate's rights under the Eighth Amendment only if he "1) shows a subjective deliberate indifference to 2) conditions imposing a substantial risk of serious harm to the inmates." *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)).

Deliberate indifference entails something more than mere negligence.  *Estelle v. Gamble*, 429 U.S. 97 (1976).  A prison official cannot be considered to be deliberately indifferent unless the official knows of and disregards an excessive risk to inmate health or safety.  *Farmer v. Brennan*, *supra*.  The official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.  Id*.

With respect to his claim regarding slipping in a puddle of water, plaintiff does not allege anyone was aware of the puddle of water on the floor.  As a result, plaintiff's allegations do not rise to the level of deliberate indifference, but instead state no more than a claim of negligence, which is not actionable under 42 U.S.C. § 1983. *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995) (inmate's alleged damages resulting from a slip-and-fall due to a leaky air conditioning unit not actionable under Section 1983). *See also LeMaire v. Maass*, 12 F.3d 144, 1457 (9th Cir. 1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."); *Hanson v. Hightower*, 1997 WL 446447 (N.D. Tex. July 28, 1997) (inmate who slipped and fell in puddle of water of which the defendants were aware cannot recover under Section 1983).  As plaintiff's allegations of negligence are insufficient to establish a violation of the Constitution, his claim has no arguable basis in law and fails to state a claim upon which relief may be granted.

*Deliberate Indifference to Serious Medical Needs*

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment.  In order to state a cause of action under the Eighth Amendment for inadequate medical care, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  *Estelle v. Gamble*, *supra*, *Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986); *Johnston v. Lucas*, 786 F.2d 1254 (5th Cir. 1986).  Deliberate indifference is a legal conclusion that must rest on facts evincing wanton actions on the part of the defendant. *Walker v. Butler*, 976

F.2d 176 (5th Cir. 1992).  As described above, a defendant acts with deliberate indifference only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, *supra*; *see Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994) (applying the *Farmer* standard in the context of a denial of medical care claim).

A complaint alleging no more than mere negligence or lack of due care in treating a medical condition does not state a claim under the Eighth Amendment.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Estelle v. Gamble*, 429 U.S. at 105; *Partridge v. Two Unknown Police Officers*, 791 F.2d 1182 (5th Cir. 1986).  Medical malpractice, unsuccessful treatment or neglect do not state a claim under Section 1983.  *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991).  In addition, dissatisfaction or disagreement with medical treatment or diagnosis does not constitute deliberate indifference. *Estelle v. Gamble*, 429 U.S. at 106; *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).

Plaintiff alleges he did not receive proper medical care after he slipped and fell.  Specifically, plaintiff alleges he failed to receive sufficient pain medication.  He also states officials failed to perform an MRI test.

Plaintiff's allegations demonstrate no more negligence on the part of the defendants and reflect only a disagreement with the medical treatment he received.  While plaintiff disagrees with the pain medication he was given, he acknowledges he was given pain

6

medication.   Further, while plaintiff believes an MRI test should have been performed on his shoulder, he acknowledges an x-ray was taken of his shoulder.   While the defendants could have, or even perhaps should have, provided plaintiff with different pain medication or performed an MRI test, plaintiff's allegations fail to demonstrate the defendants failed to take reasonable measures to abate a substantial risk of serious harms.   His allegations demonstrate that the defendants were aware of his problems and took measures to deal with them.   As a result, this claim has no arguable basis in law and fails to state a claim upon which relief may be granted.

<u>Conclusion</u>

For the reasons set forth above, plaintiff's civil rights action will be dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2).   A Final Judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the 26 day of **June, 2006.**

Thad Heartfield
United States District Judge